IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NACHICA M. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:18-CV-1064-MHT-WC |
| ) | |
| ROAD & RAIL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

Plaintiff Nachica M. Thomas ("Thomas" or "Plaintiff") initiated this employment discrimination action on December 21, 2018. In the instant Complaint (Doc. 1, filed December 21, 2018), Thomas seeks relief for actions which have occurred at her current employer, Road & Rail Services, in Lincoln, Alabama. Doc. 1 at 2.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

**II.   DISCUSSION**

Title VII of the Civil Rights Act of 1964's special venue provision provides, in relevant part:

---

[1] Thomas has submitted an application for leave to proceed *in forma pauperis.* Doc. 2. The court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C.A. § 2000e–5(f)(3) (West).  It is well-settled law in this Circuit that this provision, rather than the general venue statute 28 U.S.C. § 1391, governs venue in Title VII actions. *See Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) ("Title VII claims are governed by § 2000e–5(f)(3), and these venue provisions set forth the exclusive venues for Title VII claims [. . .]"); *Kravec v. Chicago Pneumatic Tool Co.*, 579 F. Supp. 619, 622 (N.D. Ga. 1983) (The "general venue statute, 28 USC § 1391, did not provide an additional place of venue where the terms of § 2000e–5(f)(3) were not met," and upon reviewing the "clear language of § 2000e–5(f)(3)" the court found that "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination seems clear.'") The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]")

Here, Plaintiff asserts claims under Title VII alleging that she was discriminated against based upon her race and gender, as well as a claim of retaliation related to reports

made to management. Doc. 1 at 2, 5–6. Plaintiff states that the location of Defendant Road & Rail Services' principal office is in Louisville, Kentucky, and that the alleged illegal activity took place at Defendant's Lincoln, Alabama, facility. Doc. 1 at 1–2. Lincoln, Alabama, is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the unlawful employment practices about which Thomas complains occurred in the Northern District of Alabama. Additionally, the employment records relevant to such practice are maintained and administered within the Northern District of Alabama, and a majority of material witnesses and evidence associated with those claims relevant to Thomas' allegations are located in the Northern District of Alabama. Therefore, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama. Under these circumstances, the claims asserted by Thomas are beyond the venue of this court.

In light of the foregoing, the court concludes that, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1406(a).

---

[2]In transferring the instant case, this court makes no determination with respect to the merits of Thomas' claims for relief or whether she has named a proper defendant.

It is further

ORDERED that on or before **April 23, 2019**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of April 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE